# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06cr14

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| JOHN L. COX | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon the defendant's Appeal of Magistrate's Detention Order, pursuant to 18 U.S.C. § 3145(b).[1] (Doc. No. 7).

The defendant was indicted on January 24, 2006, for possessing a firearm after being convicted of a felony. (Doc. No. 1: Indictment). The defendant was detained by Magistrate Judge David C. Keesler after a hearing on June 9, 2006. (Doc. No. 6: Order). At the hearing, the defendant presented no evidence, but proffered to the court that the defendant had been working, had complied with conditions of bond on related state charges, and had not been convicted of any violent crimes, except a misdemeanor assault on his girlfriend. The government proffered that the defendant admitted ownership of a loaded .32 caliber revolver that was found in the vehicle he was driving along with a loaded .380 caliber semi-automatic pistol, four separately packaged bags of marijuana, additional marijuana, empty bags, and a scale. The government also alerted the court to the defendant's three prior felony convictions, multiple probation revocations, and failures to appear. The magistrate judge concluded that the defendant's history of probation revocations established that no conditions or combination of conditions would reasonably assure

---

[1] Although styled as an Appeal of Magistrate's Detention Order, the defendant's pleading is more accurately described as a Motion for Review of Detention Order. See 18 U.S.C. § 3145(b).

the appearance of the defendant and the safety of the community.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490-91.

Here, the Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case. The Court finds the magistrate judge's factual findings and legal conclusions were correct, and, thus, adopts the magistrate judge's Order of Detention Pending Trial (Doc. No. 6) in its entirety.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to revoke or amend the detention order (Doc. No. 7) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: June 27, 2006

Robert J. Conrad, Jr.
Chief United States District Judge